FELIPE HERNÁNDEZ and MARGARITA CERICH, ETC., Plaintiffs and Appellees, *v.* CARMELO FONSECA and THE COMMONWEALTH OF PUERTO RICO, Defendants and Appellants.

No. R-62-310.    Decided December 5, 1968.

*J. B. Fernández Badillo, Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor General, Jenaro Marchand,* and *Américo Serra, Assistant Solicitors General,* for appellants. *César Andréu Ribas* for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The Superior Court, San Juan Part, rendered judgment on November 26, 1962, ordering Carmelo Fonseca and the Commonwealth of Puerto Rico to pay damages to plaintiffs in the amount of $5,500, after making the following

### *"Findings of Fact*

"That on January 1, 1960 defendant Carmelo Fonseca was a state policeman rendering services as such, within the municipality of the city of San Juan, Puerto Rico.

"That on that same day between 12:30 and 1:00 a.m. the minor plaintiff, María del Carmen Hernández Cerich was going home together with her sister and cousin along Tanca Street, on the left-hand sidewalk, and when they had already passed Luna Street a youth who was running in flight along the left side of the street, pursued by the defendant policeman Carmelo Fonseca, approached them. The boy in flight was running about 10 feet in front of the policeman and when defendant Fonseca was coming near the plaintiff and her relatives, he fired a revolver he carried in his hands against the boy, the bullet going straight into the left arm of the girl. When her sister told the policeman that he had wounded the former, without stopping he answered 'have her get medical attention.'

"When Alejandro Meléndez Rivera who was going down Tanca Street saw the wounded girl bleeding, he took her to the Emergency Room on Luna Street, while his wife continued

with the other girl to her house to inform the parents what had happened. Since it was impossible to treat her at the Emergency Room, when the police patrol arrived they went with her to the Municipal Hospital of Santurce, where she was given first aid and where they stayed until 4:30 in the morning; then they took her home and she was given an appointment for the following day.

"That the youth being pursued named Ramón Collazo López tried to assault Andrés Colón Sánchez in order to steal a watch from him, and when the latter pointed him out to the policeman, the youth went running up Tanca Street and the policeman chased him, but when the boy reached the corner of Tanca and Sol Streets, he stumbled, fell to the ground and the policeman caught him.

"That before he was caught, Ramón Collazo took out a knife to face the policeman for which reason he was accused of the offenses of Attempt to Commit Robbery and Carrying a Weapon, with bails of $1,500 and $1,000, respectively, and his confinement in jail ordered.

"That the bullet fired by the policeman's revolver wounded the minor María del Carmen Hernández Cerich on the left arm, fracturing the coronoid process of the radius bone near the elbow and injuring the soft tissues of said arm, the bullet being still imbedded in said arm. That the minor plaintiff had her arm in a cast from the third phalanx of the fingers of the left hand to the third part of the arm for a period of one month and a half when the cast was removed. Because of this accident she had to quit her nursing studies at Pavía Hospital where she was paid $20 a month." (Record 40, 41.)

In addition to the findings of fact above copied, it appears from the evidence sent to this Court, in an uncontroverted manner, that when policeman Fonseca was pursuing the youth, the latter stopped and took out a knife with the intent of assaulting the policeman and it was then that the latter made use of his revolver firing the shot which wounded María del Carmen Hernández.

The Solicitor General maintains that the judgment is erroneous because it is based on a cause of action not authorized by Act No. 104 of June 29, 1955.

Section 2 of the aforesaid Act No. 104, provides:

"Section 2.—Authorization is hereby granted to sue the Commonwealth of Puerto Rico before the Court of First Instance of Puerto Rico for the causes set forth in the following actions:

"(a) Actions for damages to person or property up to the sum of $15,000 caused by a culpable or negligent act or omission of any officer, agent, or employee of the Commonwealth, or of any other person acting in an official capacity within the scope of his duty, office, or employment.

"(b) .         .         .         .         .         .         .         .

"(c) .         .         .         ." (32 L.P.R.A. § 3077.)

The Act contains several exceptions described in its § 6, that of subdivision (d) being applicable to the facts of this case. It provides thus:

"Section 6.—Nothing in sections 3077–3084 of this title and section 5142 of Title 31 authorizes actions for damages against the Commonwealth by reason of an act or omission of an officer, agent, or employee:

"(a) .         .         .         .         .         .         .         .

"(b) .         .         .         .         .         .         .         .

"(c) .         .         .         .         .         .         .         .

"(d) which constitutes assault, battery, or any other offense against the person, unlawful imprisonment, unlawful arrest, malicious persecution, slander, libel, defamation, misrepresentation, or imposture." (32 L.P.R.A. § 3081.)

This statute has been construed by this Court on several occasions. In order to be brief we shall refer to some of these decisions.

In *Meléndez* v. *Commonwealth*, 81 P.R.R. 798 (1960), a member of the Puerto Rico National Guard driving a motor vehicle negligently caused the death of a person. We said in said case that it was not the intention of the Legislature in approving subdivision (d) of Act No. 104 to maintain the immunity of the Commonwealth against claims for damages caused by the reckless and negligent acts of its officers,

agents or employees. "What it had in mind rather was to maintain the immunity of the Commonwealth against suits originated by those wrongful acts committed deliberately or intentionally by its officers, agents or employees." And we added that involuntary manslaughter is not one of those acts where death is caused "in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection." This doctrine was ratified in *Valentín* v. *Commonwealth*, 84 P.R.R. 108 (1961).

In *Montes* v. *State Insurance Fund*, 87 P.R.R. 187 (1963), we held that the consent given by the Commonwealth to be sued pursuant to § 2(a) of Act No. 104 is subject to the fact that such act does not constitute an offense wherein the intention is an essential element and that to practice a surgical intervention on a person without his consent—although it may be technically considered as assault and battery— does not constitute the offense of assault and battery punishable by the Penal Code because it lacks the essential element of the intention. The liability of the state was upheld, distinguishing it from the case of *Báez* v. *Commonwealth*, 87 P.R.R. 62 (1963).

The facts of the case of Báez, *supra*, are the ones most similar to those of the present petition for review. However in *Báez* we concluded that the action of policeman Flores in firing unnecessarily at a fleeing student constituted an act of assault and battery for the students were not armed, and neither the janitor's life nor that of the policeman was in danger of great bodily injury and that the policeman fired at them without thinking. On the contrary here the person who was pursued by the policeman stopped and took out a knife with the intent to assault the policeman. It was then that the latter fired a shot at him, according to his testimony, with the intent to frighten him. Although that would have not been the intent of the policeman in firing the shot, his

action would not constitute an offense of assault. Under the doctrine of the implied or transferred intent, we could not consider either that the policeman committed assault and battery against María del Carmen Hernández.

We do not doubt that in firing the shot there was negligence on the part of the policeman in view of the situation existing therein, it being possible to notice that persons, who could be victims, as one of them was, of the shot fired, were walking along that street and since it does not appear that this action was absolutely necessary to make the arrest.

These facts do not cover the immunity of the State under the aforesaid Act No. 104. Therefore, the judgment ordering the Commonwealth of Puerto Rico to pay the damages suffered by plaintiffs-appellees should be affirmed.